FILED

N S

2012 MAY -4 PM 3:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

April Mottahedeh, Plaintiff *pro se*

9582 Buttemere Road

Phelan, CA 92371

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

--Riverside Division--

| | |
|---|---|
| April Mottahedeh , <br><br> Plaintiff, <br> v. <br><br> BANK OF AMERICA Home Loans <br> Servicing LP, Bank of America , N.A.,, <br> RECONTRUST COMPANY, Bank of <br> New York, Esther Gray, Sheryl Dela Cruz, <br> Equity Options Inc., Mortgage Electronic <br> Registration Systems, <br> and Does 1 through 20 <br><br> Defendants. <br> ------------------------------------------------------ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 5:12-cv-00165-VAP-(OPx) <br> **FIRST AMENDED** <br> **COMPLAINT FOR** <br> **QUIET TITLE AND FOR** <br> **DAMAGES.** |

## NATURE OF ACTION

This complaint is for quiet title of real properly of the Plaintiff commonly addressed as being

located on 14266 City View Court, Victorville, CA 92359, as well as for damages for

fraudulent attempts of Defendants to deprive Plaintiff of her property. Legal description for

the real property is "*A portion of the south one-half of the northeast one-quarter of Section*

Page 1 of 15

*21, Township 5 North Range 4 West, San Bernardino Meridian, in the city of Victorville, County of San Bernardino, State of California, described as follows:*

*Commencing on the west line of said south one-half of the northeast one-quarter; thence south 0° 37' 210" from the northwest corner thereof; thence north 89° 32' 30" east 1265.34 feet to the true point of beginning; thence continuing north 89° 32' 30" east 200 feet; thence south 0° 27' 30" east 60 feet; thence south 89° 32' 30" west 200 feet; thence north 0° 27' 30" west 60 feet to the true point of beginning."*

## JURISDICTION

This Court has jurisdiction over this action due to diversity of citizenship of the defendant under 28 U.S.C. § 1332.

## PLAINTIFF

Plaintiff, April Mottahedeh (hereafter, "PLAINTIFF"), is a U.S. Citizen whose state of residence and domicile is Florida.

## DEFENDANTS

Defendants are:

1) Equity Options Inc. (hereafter, "EQUITY OPTIONS"), is a California Corporation who license to sell real estate mortgages under the supervision of the California Department of Real State expired as of 5/27/2011 and their status as an entity with the California Secretary of Estate was suspended as of 10/28/11.

2) Bank of America Home Loans Servicing, LP, a limited partnership that operates in California. This defendant has asserted in previous filings with this court that their actual

identity is "Bank of America, N.A. Therefore the actual and full identity of this defendant has not been verified.

3) Bank of America, N.A. an entity that operates in California. All of the Bank of America defendants are hereafter collectively referred to as "BANK OF AMERICA ENTITIES."

4) Recontrust Company, N.A. (hereafter, "RECONTRUST") is an entity that operates and has offices in the states of California and Texas.

5) Bank of New York, a bank whose main offices are in the State of New York. This defendant has asserted in previous filings with this court that their actual identity is "Bank of NEW York Mellon." Therefore, the actual and full identity of this defendant has not been verified.

6) Esther Gray (hereafter, "GRAY") is an employee of Bank of America, N.A. who works in Simi Valley, California.

7) Sheryl Dela Cruz (hereafter, "DELA CRUZ"), an employee of Recontrust Company, who works in Simi Valley, California.

8) Mortgage Electronic Registration Systems (hereafter, "MERS"), a company that does business in the State of California. The head offices of MERS have not been verified at this time. Plaintiff believes that MERS is or will be represented by the same counsel that represents all defendants, with the exception of Equity Options Inc.

9) Does 1 through 20 are other employees or associates of the above Defendants, or any other unknown defendants, who fraudulently attempted to deprive the Plaintiff of her real property located at 14266 City View Court, Victorville, CA 92359 (hereafter, "REAL PROPERTY".)

10) All defendants, with the exception of EQUITY OPTIONS Inc. are hereafter collectively referred to as "AGGRESSIVE DEFENDANTS".

**FACTS**

1. Plaintiff enjoyed lawful ownership, use and possession of her REAL PROPERTY well before April, 2006.

2. On or around April 28, 2006, EQUITY OPTIONS claimed to have loaned PLAINTIFF $175,000 of EQUITY OPTIONS's funds.

3. On or around April 28, 2006, EQUITY OPTIONS deceived the PLAINTIFF to sign a document that alleged to be a deed of trust (hereafter, "INVALID DEED OF TRUST") for $175,000 (hereafter, "$175,000 LOAN.")

4. The INVALID DEED OF TRUST listed EQUITY OPTIONS as the "LENDER".

5. The INVALID DEED OF TRUST listed EQUITY OPTIONS also as the trustee.

6. Under California laws, a deed of trust must have the lender and trustee as separate distinct entities or persons.

7. Therefore, the INVALID DEED OF TRUST is not a deed of trust under California law.

8. EQUITY OPTIONS did not have PLAINTIFF sign a promissory note for repayment of the $175,000 LOAN.

9. Since July of 2006, Countrywide Home Loans (hereafter, "COUNTRYWIDE") fraudulently assumed the position of servicer of the "$175,000 LOAN" and demanded and received monthly mortgage payments from PLAINTIFF.

10. On or around 2008, COUNTRYWIDE became insolvent and was bought out by an unknown unit of Bank of America Corporation or Bank of America, N.A. or Bank of America Home Loans Servicing LP.

Page 4 of 15

11. Neither COUNTRYWIDE, nor any of THE BANK OF AMERICA ENTITIES notified PLAINTIFF of this change of ownership to COUNTRYWIDE.

12. PLAINTIFF heard of purchase of COUNTRYWIDE by BANK OF AMERICA ENTITIES through the news media on or around 2008.

13. PLAINTIFF wrote a letter to Bank of America Home Loans Servicing, LP on January 26, 2010, in this letter PLAINTIFF expressed doubts as to the existence of a promissory note, or a promissory note being possessed by Bank of America Home Loans Servicing, LP or another party against PLAINTIFF'S REAL PROPERTY.

14. In this letter, PLAINTIFF demanded that Bank of America Home Loans Servicing, LP within 20 days of the receipt of this letter to meet with PLAINTIFF to show the original of such a promissory note "wet note" (hereafter, "NOTE"), if one exists to the PLAINTIFF or in the alternative, inform PLAINTIFF who is the actual "holder in due course" of the NOTE.

15. Bank of America Home Loans Servicing, LP in its response letter, wrote to PLAINTIFF that *"The owner of this loan is Bank of New York, whose address is 101 Barclay St 4W, New York, NY 10286. Bank of America services the loan on behalf of the owner."*

16. On March 11, 2010, PLAINTIFF wrote Bank of New York a letter which was cc'd to Bank of America Home Loans Servicing, LP, demanding that Bank of New York within 30 days of receipt of Plaintiff's letter contact PLAINTIFF to show: the original of the NOTE, 2) the document that caused the transfer of the NOTE to Bank of New York and 3) the document that assigns Bank of America Home Loans Servicing, LP as a servicer for Bank of New York.

17. Bank of New York never responded to PLAINTIFF's March 11, 2010 letter.

Page 5 of 15

18. Bank of America Home Loans Servicing, LP responded to PLAINTIFF in writing on March 25, 2010, which was unsigned and had no name of an individual who had written it. In this letter, Bank of America Home Loans Servicing, LP stated: *"Please find enclosed all available loan documents and note that the Loan Transaction History statement you requested has been mailed under separate cover."* No original of the alleged NOTE was sent to PLAINTIFF or offered to allow PLAINTIFF inspection of the NOTE.

19. After March 25, 2010, Bank of America Home Loans Servicing, LP delivered PLAINTIFF 7 packages of letters through First Class Mail, Express Mail or FED EX Delivery service. All of these letters were computer generated letters, in that they contained neither the name, nor the signature of any individual responsible for creating and mailing these letters to the PLAINTIFF.

20. All of these packages invited PLAINTIFF to apply for loan modification with Bank of America Home Loans Servicing, LP. Some of these letters on the cover, in big bold print stated "IMPORTANT Information for Bank of America and Countrywide Home Loans Customers."

21. Since at least September 29, 2011, Bank of America, N.A. has sent out several statements to PLAINTIFF. In these statements, Bank of America, N.A. claimed that Bank of America, N.A. is the servicer of PLAINTIFF's alleged loan on behalf of the holder of the note holder.

22. On October 7, 2011, Defendant RECONTRUST wrote two (2) separate identical letters to Plaintiff from RECONTRUST's "Debt Validation" unit located at 2380 Performance Dr., TX2-985-07-03 Richardson, TX 75082.

23. Each of these letters had a machine stamped date of October 17, 2011, which stated that they were stamped out of 75260 ZIP CODE, not 75082 ZIP CODE, where the October 7,

Page 6 of 15

2011 letter of RECONTRUST COMPANY allegedly RECONTRUST COMPANY's Debt Validation units alleged by is located.

24. These letters did not have on them the signature or name of a human being as the issuer of the letters.

25. On October 7, 2011, RECONTRUST created four (4) copies of the same letter to PLAINTIFF that were issued by RECONTRUST office at 1800 Tapo Canyon Road, Simi Valley, CA 93063 Attn: Sheryl Dela Cruz.

26. Two (2) copies of these identical letters, which were titled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" (hereafter "DEFAULT NOTICE") were sent by first class mail and bear the automated machine stamped date of October 19, 2011. These letters bear a machine stamp out of ZIP CODE 75260, which is not a California ZIP CODE, but a Texas zip code.

27. Two (2) other copies of these identical DEFAULT NOTICEs were sent by certified mail and bear an automated machine stamp date of November 5, 2011. These DEFAULT NOTICES bear a machine stamp out of ZIP CODE 93063, which matches the ZIP CODE of Simi Valley, California where the DEFAULT NOTICE's were allegedly created in.

28. All 4 copies of DEFAULT NOTICE letters claimed on the top right of the first page that a copy of the document had been recorded on 10/21/2011 in the Office of the recorder of San Bernardino County, California. Plaintiff received these 4 letters on October 22, 2011.

29. In all of these DEFAULT NOTICEs, RECONTRUST claims to act on behalf of the beneficiary, but nowhere does RECONTRUST states who the beneficiary is.

30. RECONTRUST knew that no deed of trust or promissory note existed between the PLAINTIFF or any of the DEFENDANTS, yet knowingly and fraudulently, RECONTRUST

Page 7 of 15

continued to act as if RECONTRUST is acting on behalf of a trust deed to foreclose and sell PLAINTIFF'S HOUSE.

31. On November 21, 2011, PLAINTIFF wrote a letter to RECONTRUST offices in Simi Valley California and Richardson, Texas, listed above.

32. In the November 21, 2011 letter, PLAINTIFF disputed the validity of the alleged debt that RECONTRUST alleged in its October 7, 2011 DEFAULT NOTICE letters.

33. In the November 21, 2011 letter, Plaintiff also disputed RECONTRUST, or BANK OF AMERICA or anyone else possessing a promissory note for PLAINTIFF'S HOUSE. PLAINTIFF in this letter alleged that the NOTE has been destroyed and therefore, there is no beneficiary in possession of the NOTE for whose benefit RECONTRUST can attempt to collect payments from the PLAINTIFF or to attempt to foreclose on PLAINTIFF'S HOUSE.

34. A copy of the November 21, 2011 letter and it allegations are attached to this complaint and all of the allegations and challenges made therein are hereby made a part of this complaint.

35. In the November 21, 2011 letter, PLAINTIFF at the beginning and end of the letter, in bold font warned Sheryl Dela Cruz and RECONTRUST to immediately give PLAINTIFF'S letter to legal counsel and that the response or lack of response of Sheryl Dela Cruz and RECONTRUST will be used against them in a court of law.

36. Neither RECONTRUST, nor Sheryl Dela Cruz responded to Plaintiff's November 21, 2011 letter.

37. On December 2, 2011, an Esther Gray from Bank of America, NA located at 400 National Way Mailstop-CA6-919-02-22, Simi Valley, CA 93065 sent a written response via Express mail to PLAINTIFF'S November 21, 2011 letter. Esther Gray's signature was a computer imprint, not a handwritten signature.

38. In the November 21, 2011 letter, Esther Gray stated to PLAINTIFF that *"The concerns addressed in [Plaintiff's] correspondence require further detailed analysis."*

39.    As of May 13, 2012 no further response to the November 11, 2011 letter of PLAINTIFF has been received by PLAINTIFF.

40. On or around January 13, 2012, a "NOTICE OF TRUSTEES' SALE" (hereafter, "SALE NOTICE") issued by RECONTRUST 1800 of Tapo Canyon Road, Simi Valley, CA 93063 was posted on the Property of Plaintiff and mailed to Plaintiff.

## FIRST CAUSE OF ACTION; ALL DEFENDANTS LACK STANDING TO PURSUE FORECLOSURE ACTION

41. PLAINTIFF's herby incorporates by reference all of the allegations stated above.

42. All DEFENDANT's lack standing to pursue foreclosure action as none of the DEFENDANTS have any interest in the REAL PROPERTY.

43. DEFEDANTS relies, falsely, on the INVALID DEED OF TRUST as a claim towards interest in the REAL PROPERTY.

44. The April 28, 2006, deed of trust that DEFENDANT's relay on in their claim of interest, is invalid and as such cannot be relied upon as a legal security instrument. As the April 28, 2006 deed of trust shows and states, the Borrower is listed as *"APRIL L MOTTAHEDEH, [PLAINTIFF] A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY"*. The deed of trust continues on to state that the Lender is *"EQUITY OPTIONS, INC."*. The Trustee listed on the April 28, 2006 deed of trust is *"EQUITY OPTIONS, INC."*

45. Black's Law Dictionary (2nd Edition) defines a Deed of Trust as "*An instrument in use in many states, taking the place and serving the use of a common-law mortgage, by which the legal title to real property is placed in one or more trustees, to secure the repayment of a sum of money or the performance of other conditions. Bank v. Pierce, 144 Cal. 434, 77 Pac. 1012.*"

46. To better define what a trust is PLAINTIFF relies on Black's Law Dictionary (2nd Edition) which state that a trust is: "*An equitable or beneficial right or title to land or other right property, held for the beneficiary by* **another person**, *in whom resides the legal title or ownership, recognized and enforced...*"[citation excluded](emphasis added)

47. It is commonly held by the courts that for the purposes a trust, that a trust is an agreement or arrangement between three (3) parties or entities: 1)the beneficiary, 2)the trustor, and 3)an impartial third party referred to as the trustee, who act on behalf of the beneficiary in managing the trust.

48. As the April 28, 2006 Deed of Trust did not establish an actual trust and was improperly drawn up and signed, this INVALID DEED OF TRUST cannot be relied upon to pursue any foreclosure action.

49. Furthermore, any subsequent assignments or substitution of the deed of trust after the INVALID DEED OF TRUST was signed by any party fails as there was no deed of trust to assign or substitute to another party.

50. It is for these reasons that the PLAINTIFF prays to this the court to that the foreclosure action brought against the PLAINTIFF's REAL PROPERTY by the DEFENDANT's be halted immediately.

## SECOND CAUSE OF ACTION: QUIET TITLE

Page 10 of 15

51.    Plaintiff hereby incorporates by reference all of the allegations stated above.

**52.**    Plaintiff seeks declaratory relief against all defendants for the quiet and peaceful ownership, possession and use of her property at 14266 City View Court, Victorville, CA 92359.

### THIRD CAUSE OF ACTION; FRAUDULENT ATTEMPTS TO FORECLOSE AND SELL PLAINTIFF'S PROPERTY

51. Plaintiff hereby incorporates by reference all of the allegations stated above.

52. AGGRESSIVE DEFENDANTS are committing fraud against Plaintiff and attempting to defraud Plaintiff of her REAL PROPERTY, even though no promissory note or a valid trust deed was ever signed by the PLAINTIFF for the benefit of any of the DEFENDANT's.

53. In addition, AGGRESSIVE DEFENDANTS knew that since no valid trust deed was ever created against PLAINTIFF'S REAL PROPERTY that none of the DEFENDANT's had a standing or obligation as a trustee or loan servicer to attempt to foreclose and sell PLAINTIFF'S REAL PROPERTY.

54. PLAINTIFF seeks $100,000 in compensatory damages from each of the AGGRESIVE DEFENDANTS for their attempts to defraud the PLAINTIFF of ownership, possession and use of PLAINTIFF'S REAL PROPERTY.

55. In addition PLAINTIFF seeks treble punitive award ($300,000) against each of the AGGRESSIVE DEFENDANTS for their reckless and callous disregard of law and facts and for AGGRESSIVE DEFENDANTS brazen attempts to defraud the PLAINTIFF by fraudulently attempting to defraud PLAINTIFF of ownership, possession and use of PLAINTIFF'S REAL PROPERTY as described above.

### FORTH CAUSE OF ACTION; REFUND OF FUNDS PAID UNDER FRAUD

57. PLAINTIFF hereby incorporates by reference all of the allegations stated above.

58. BANK OF AMERICA ENTITIES fraudulently demanded and received over $60,000 from PLANTIFF.

59. BANK OF AMERICA ENTITIES out of these over $60,000 paid the property taxes and insurance on the REAL PROPERTY.

60. Minus the portion of these over $60,000 that was paid by BANK OF AMERICA ENTITIES for property taxes and insurance on the HOUSE, the remainder of these over $60,000 funds should be repaid to the PLAINTIFF with reasonable interest.

61. BANK OF AMERICA ENTITIES should pay PLAINTIFF an amount equal to triple of the amount that BANK OF AMERICA ENTITIES fraudulently extorted out of the PLAINTIFF as punitive damages based on proof at trial.

## FIFTH CAUSE OF ACTION; DAMAGE AWARD FOR DAMAGING PLAINTIFF'S CREDIT RATING/SCORE

62. PLAINTIFF hereby incorporates by reference all of the allegations stated above.

63. AGGRESSIVE DEFENDANTS falsely reported to various credit reporting companies in the United State of America that PLAINTIFF had not made mortgage payments to one or more of the AGGRESSIVE DEFENDANTS for many months.

64. This false reporting of AGGRESSIVE DEFENDANTS reduced the credit rating or score of PLAINTIFF.

65. As a result of the lowered credit score of PLAINTIFF, several sources of credit reduced the amount of credit that they had previously provided to the PLAINTFF.

66. These fraudulent actions of AGGRESSIVE DEFENDANTS were a violation various federal credit laws of the United States, including, but not limited to the Fair Debt Collection Act.

Page 12 of 15

67. AGGRESSIVE DEFENDANTS should compensate PLAINTIFF $1,000 for each false report that the AGGRESSIVE DEFENDANTS sent to a credit reporting agency, as well as each time that a provider of credit lowered the credit that the credit provider had previously provided to the PLAINTIFF based on such reduced credit score.

## SIXTH CAUSE OF ACTION; DAMAGE AWARD FOR DAMAGING PLAINTIFF'S CREDIT RATING/SCORE

68. PLAINTIFF hereby incorporates by reference all of the allegations stated above.

69. BANK OF AMERICA ENTITIES, called PLAINTIFF several times since May 2010 to demand from PLAINTIFF payment for the alleged loan described above.

70. The first time that BANK OF AMERICA ENTITIES called the PLAINTIFF, PLAINTIFF'S husband, Peymon Mottahedeh (hereafter, "PEYMON") answered the call.

71. PEYMON, on behalf of PLAINTIFF, respectfully asked the caller to not call PLAINTIFF. PEYMON further asked the caller to have the caller's firm put whatever collection claims that the caller's firm may have against the PLAINTIFF to put such collections claim in writing and mail such claims to the PLAINTIFF.

72. BANK OF AMERICA ENTITY employees repeatedly called PLAINTIFF over the following months, demanding that PLAINTIFF send money to one of the BANK OF AMERICA ENTITIES in violation of applicable federal and state laws. This is beside the fact the PLAINTIFF's repeatedly told the employees of BANK OF AMERICA ENTITIES, to cease calling the PLAINTIFF and instead have all collection claims be submitted in writing and mailed to the PLAINTIFF.

73. BANK OF AMERICA ENTITIES should compensate PLAINTIFF $1,000 for each violation of the applicable Federal and State Laws that were violated, each time that an employee of

Page 13 of 15

BANK OF AMERICA ENTITIES called the PLAINTIFF, after the BANK OF AMERICA ENTITIES employee(s) was (were) notified that no more calls should be made by BANK OF AMERICA ENTITIES to PLAINTIFF and employees of BANK OF AMERICA ENTITIES called PLAINTIFF.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff requests the following relief –

1. Declaratory relief to determine the rights, duties, and obligations of the parties-

2. An order declaring that no deed of trust has ever existed against PLAINTIFF'S REAL PROPERTY-

3. an order declaring that no promissory note exists against PLAINTIFF'S REAL PROPERTY-

3. Quiet title in fee simple to the real property which is the subject of this action in favor of the plaintiff-

4. Judgment for the plaintiff in the amount of:

a. $100,000 in compensatory damages from each of the AGGRESIVE DEFENDANTS for their attempts to defraud the PLAINTIFF of ownership, possession and use of PLAINTIFF'S REAL PROPERTY.

b. $300,000 against each of the AGGRESSIVE DEFENDANTS for their reckless and callous disregard of law and facts and for AGGRESSIVE DEFENDANTS brazen attempts to defraud the PLAINTIFF by fraudulently attempting to defraud PLAINTIFF of ownership, possession and use of PLAINTIFF'S REAL PROPERTY as described above.

c. $60,000 funds should be repaid to the PLAINTIFF with reasonable interest.

d.  $1,000 for each violation of the applicable Federal and State Laws that were violated, each time that an employee of BANK OF AMERICA ENTITIES called the PLAINTIFF, after the BANK OF AMERICA ENTITIES employee(s) was (were) notified that no more calls should be made by BANK OF AMERICA ENTITIES to PLAINTIFF and employees of BANK OF AMERICA ENTITIES called PLAINTIFF.

e.  $1,000 for each false report that the AGGRESSIVE DEFENDANTS sent to a credit reporting agency, as well as each time that a provider of credit lowered the credit that the credit provider had previously provided to the PLAINTIFF based on such reduced credit score.

5.  Costs of action, attorney fees, and any and all further relief this court deems appropriate.

Date : May 4, 2012

April Mottahedeh, Plaintiff, Pro Per
9582 Buttemere Road
Phelan, CA 923871
(760) 868-5834

Page 15 of 15

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **FIRST AMENDED COMPLAINT FOR QUIET TITLE AND FOR DAMAGES** was served on Respondent by mailing the same on _____ by U.S. Mail addressed as follows:

Christina G. Rothschild
Chief Consul for all Defendants
Bryan Cave LLP
3161 Michelson Dr.
Suite 1500
Irvine, CA 92612-4414

Bill Stephens
Agent for Service for Equity Options Inc.
27241 Paseo Peregrino
San Juan Capistrano, CA 92675

Respectfully Submitted,

Date: _4 May 2012_

Madonna Beatty
9582 Buttemere Rd.
Phelan, CA 92371