O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| APRIL MOTTAHEDEH, | ) | Case No. EDCV 12-00165 VAP (OPx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| BANK OF AMERICA HOME LOANS SERVICING LP, et al. | ) | **[Motion filed on July 9, 2012]** |
| Defendants. | ) | |

Plaintiff April Mottahedeh brings this action asserting six claims related to the nonjudicial foreclosure and trustee's sale of her residence. Currently before the Court is a Motion to Dismiss (Doc. No. 26) filed by Defendants Bank of America, N.A., erroneously sued as Bank of America Home Loans Servicing LP ("Bank of America"); Recontrust Company, N.A., erroneously sued as Recontrust Company ("Recontrust"); Bank of New York Mellon, erroneously sued as Bank of New York; Esther Gray; Sheryl Dela Cruz; and Mortgage Electronic Registration Systems ("MERS") (collectively, "Moving Defendants").  The Court, having received and

considered all papers filed in support of, and in
opposition to, the Motion, finds the Motion appropriate
for resolution without a hearing.  See Fed. R. Civ. P.
78; L.R. 7-15.  For the reasons expressed below, the
Court GRANTS the Moving Defendants' Motion, without leave
to amend.

## I.  BACKGROUND

**A.   Allegations in the First Amended Complaint**

On April 28, 2006, in connection with a $175,000
loan, Plaintiff executed a Deed of Trust on her residence
listing Defendant Equity Options Inc. as both lender and
trustee.  (FAC ¶¶ 3-4.)  Plaintiff did not sign a
promissory note for repayment of the loan.  (FAC ¶ 8.)
In the Deed of Trust, however, Plaintiff acknowledged she
had promised to repay the loan, plus interest, in regular
periodic payments.  (See Deed of Trust, Ex. A to Req. for
Judicial Not. ("RJN") (Doc No. 27).)

In a Corporation Assignment of Deed of Trust recorded
on June 8, 2006, Equity Options Inc. transferred its
interest in the Deed of Trust to MERS.  (Corp. Assign. of
Deed of Trust, Ex. B to RJN.)  MERS transferred its
interest in the Deed of Trust to Bank of New York Mellon
in an Assignment of Deed of Trust recorded on October 3,
2011.  (Assign. of Deed of Trust, Ex. C to RJN.)

1    Plaintiff wrote to Bank of America on January 26,
2 2010, expressing doubts as to the existence of a
3 promissory note and asking to see the original.  (FAC
4 ¶¶ 13-14.)  Bank of America responded that Bank of New
5 York owned Plaintiff's loan.  (FAC ¶ 15.)  Plaintiff then
6 wrote to Bank of New York, copying Bank of America,
7 asking to see certain original documents, including the
8 note evidencing the loan.  (FAC ¶ 16.)  Bank of New York
9 Mellon never responded; Bank of America responded by
10 sending Plaintiff copies of all available loan documents,
11 as well as a loan transaction history.  (FAC ¶¶ 17-18.)
12
13    In a Substitution of Trustee recorded on October 12,
14 2011, MERS substituted Recontrust as the trustee.  (Sub.
15 of Trustee, Ex. D to RJN.)  Recontrust recorded a Notice
16 of Default and Election to Sell under Deed of Trust
17 ("Notice of Default") on October 12, 2011 (Ex. E to RJN),
18 which Plaintiff received on October 22, 2011 (FAC ¶ 28).
19 The Notice of Default listed Sheryl Dela Cruz as the
20 person to whom the recorded document should be mailed.
21 (See Not. of Default at 1.)
22
23    Plaintiff wrote to Recontrust on November 21, 2011,
24 disputing the validity of the loan and the existence of a
25 promissory note.  (FAC ¶¶ 31-33.)  Recontrust did not
26 reply, but Esther Gray from Bank of America sent a
27 response stating that Plaintiff's concerns required
28

further detailed analysis.  (FAC ¶¶ 37-38.)  Bank of America did not send a further response.  (FAC ¶ 39.)

Recontrust recorded a Notice of Trustee's Sale on January 17, 2012 (Ex. F to RJN); the Notice was mailed to Plaintiff and posted on the property (FAC ¶ 40).

**B.  Procedural History**

Plaintiff filed her initial Complaint on February 3, 2012 (Doc. No. 1).  The Court twice issued orders dismissing Plaintiff's Complaint upon Plaintiff's failure to oppose Defendants' Motions to Dismiss (<u>see</u> Doc. Nos. 7, 16).  The Court vacated its first order of dismissal upon learning Defendants had failed to serve Plaintiff properly with the motion to dismiss (Doc. No. 8).  The Court vacated its second order of dismissal because Plaintiff had filed a First Amended Complaint ("FAC") three days before the Court issued the order (<u>see</u> Doc. No. 20).

Plaintiff filed her First Amended Complaint ("FAC") against Equity Options Inc. and the Moving Defendants on May 4, 2012, asserting the following six claims for relief: (1) lack of standing to foreclose; (2) quiet title; (3) fraudulent attempts to foreclose; (4) refund of funds paid under fraud; (5) damage award for damaging Plaintiff's credit rating/score; and (6) making debt

collection calls after notification that all collections claims should be submitted in writing (erroneously captioned as a second "damage award for damaging Plaintiff's credit rating/score") (Doc. No. 16).

The Moving Defendants filed a Motion to Dismiss the FAC on July 9, 2012 (Doc. No. 26).  Plaintiff failed to file an opposition by the deadline, and the Court granted the Motion on July 26, 2012 (Doc. No. 30).  On August 8, 2012, Plaintiff moved to vacate the dismissal, asking the Court to excuse her failure to file an opposition based on contemporaneous complications with childbirth (Doc. No. 32).  On August 28, 2012, the Court granted Plaintiff's motion, vacated its third order of dismissal, and extended the deadline for Plaintiff to file an opposition to the Motion to Dismiss (Doc. No. 41). Plaintiff filed an opposition on September 4, 2012 and, after another round of motion practice, filed her Amended Opposition on September 21, 2012 (Doc. No. 50).  The Moving Defendants filed an Amended Reply on September 27, 2012 (Doc. No. 48).

**C.   Request for Judicial Notice**

The Moving Defendants filed a Request for Judicial Notice ("RJN") (Doc. No. 27) with their Motion on July 9, 2012, requesting the Court to take judicial notice of the following six documents:

1.   a Deed of Trust executed on April 28, 2006, and
     recorded on May 16, 2006 (Ex. A to RJN);

2.   a Corporation Assignment of Deed of Trust dated
     June 1, 2006, and recorded on June 1, 2006 (Ex.
     B to RJN);

3.   an Assignment of Deed of Trust dated September
     22, 2011, and recorded on October 3, 2011 (Ex. C
     to RJN);

4.   a Substitution of Trustee dated October 7, 2011,
     and recorded on October 12, 2011 (Ex. D to RJN);

5.   a Notice of Default and Election to Sell under
     the Deed of Trust, dated October 7, 2011 and
     recorded on October 12, 2011 (Ex. E to RJN); and

6.   a Notice of Trustee's Sale dated January 12,
     2012, and recorded on January 17, 2012 (Ex. F to
     RJN).

A court may take judicial notice of court filings and other matters of public record.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). The Moving Defendants have provided reference numbers for the documents, showing that they were in fact recorded; this demonstrates that the documents are public records. See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases); Velazquez

1  v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1057–58 (C.D.
2  Cal. 2008).  Accordingly, the Court grants judicial
3  notice of these documents.

4

5  **II. LEGAL STANDARD**

6  Federal Rule of Civil Procedure 12(b)(6) allows a
7  party to bring a motion to dismiss for failure to state a
8  claim upon which relief can be granted.  Rule 12(b)(6) is
9  read in conjunction with Rule 8(a), which requires only a
10 short and plain statement of the claim showing that the
11 pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2);
12 Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that
13 the Federal Rules require that a plaintiff provide "'a
14 short and plain statement of the claim' that will give
15 the defendant fair notice of what the plaintiff's claim
16 is and the grounds upon which it rests." (quoting Fed. R.
17 Civ. P. 8(a)(2))); Bell Atlantic Corp. v. Twombly, 550
18 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6)
19 motion, a court must accept all material allegations in
20 the complaint — as well as any reasonable inferences to
21 be drawn from them — as true and construe them in the
22 light most favorable to the non-moving party.  See Doe v.
23 United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC
24 Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096
25 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th
26 Cir. 1994).

27

28

1    "While a complaint attacked by a Rule 12(b)(6) motion
2  to dismiss does not need detailed factual allegations, a
3  plaintiff's obligation to provide the 'grounds' of his
4  'entitlement to relief' requires more than labels and
5  conclusions, and a formulaic recitation of the elements
6  of a cause of action will not do." Twombly, 550 U.S. at
7  555 (citations omitted).  Rather, the allegations in the
8  complaint "must be enough to raise a right to relief
9  above the speculative level."  Id.

10

11    To survive a motion to dismiss, a plaintiff must
12  allege "enough facts to state a claim to relief that is
13  plausible on its face." Twombly, 550 U.S. at 570;
14  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949
15  (2009).  "The plausibility standard is not akin to a
16  'probability requirement,' but it asks for more than a
17  sheer possibility that a defendant has acted unlawfully.
18  Where a complaint pleads facts that are 'merely
19  consistent with' a defendant's liability, it stops short
20  of the line between possibility and plausibility of
21  'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949
22  (quoting Twombly, 550 U.S. at 556).  Recently, the Ninth
23  Circuit clarified that (1) a complaint must "contain
24  sufficient allegations of underlying facts to give fair
25  notice and to enable the opposing party to defend itself
26  effectively," and (2) "the factual allegations that are
27  taken as true must plausibly suggest an entitlement to
28

relief, such that it is not unfair to require the
opposing the party to be subjected to the expense of
discovery and continued litigation."  <u>Starr v. Baca</u>, 652
F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the
contents of the complaint, the Court may also consider
exhibits submitted with the complaint, <u>Hal Roach Studios,
Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19
(9th Cir. 1990), and "take judicial notice of matters of
public record outside the pleadings," <u>Mir v. Little Co.
of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

**A.   Sufficiency of the FAC**

    **1.   Failure to Tender Bars Plaintiff's Equitable
        Claims**

A debtor challenging a foreclosure sale is required
to do equity by making a tender or otherwise offering to
pay the full amount of her debt.  <u>See Sierra-Bay Fed.
Land Bank Ass'n v. Superior Court</u>, 227 Cal. App. 3d 318,
337 (1991); <u>U.S. Cold Storage v. Great W. Sav. & Loan
Ass'n</u>, 165 Cal. App. 3d 1214, 1225 (1985).  This rule is
premised on the notion that "[i]t would be futile to set
aside a foreclosure sale on the technical ground that
notice was improper, if the party making the challenge
did not first make full tender and thereby establish his

ability to purchase the property." <u>U.S. Cold Storage</u>, 165 Cal. App. 3d at 1225.  To be valid, tender must be unconditional and for the full amount of the debt. <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 580 (1984).  The ability to pay is an implicit requirement. <u>Karlsen v. Am. Sav. & Loan Ass'n</u>, 15 Cal. App. 3d 112, 118 (1971).

The FAC fails to make any allegations whatsoever concerning Plaintiff's willingness and ability to pay the full amount of her debt.  Accordingly, Plaintiff's FAC fails to state claims for lack of standing to foreclose, quiet title, and declaratory relief, which are all equitable in nature.  <u>See</u> <u>Robinson v. Countrywide Home Loans, Inc.</u>, 199 Cal. App. 4th 42, 46 & n.5 (2011) (lack of standing); <u>Caira v. Offner</u>, 126 Cal. App. 4th 12, 24–25 (2005) (quiet title); <u>Kachlon v. Markowitz</u>, 168 Cal. App. 4th 316, 347–48 (2008) (declaratory relief).

**2.   Fraud Claims**

Plaintiff's third claim alleges that the Moving Defendants fraudulently attempted to foreclose, despite their knowledge that no valid note or deed of trust exists.  (FAC ¶¶ 52–53.)  Plaintiff's fourth claim alleges that the Moving Defendants fraudulently collected payments on the loan and seeks return of the portion of

1  those payments that did not go to paying property taxes

2  and insurance premiums.  (FAC ¶¶ 58-60.)

3

4      Plaintiff's theory is that the Deed of Trust was

5  invalid because it listed the same party as both the

6  beneficiary and the trustee, and the Moving Defendants

7  committed fraud by attempting to enforce an invalid

8  instrument.  (See Am. Opp'n (Doc. No. 50) at 12.)

9

10     The elements of a California action for fraud are (1)

11 misrepresentation; (2) knowledge of falsity; (3) intent

12 to induce reliance; (4) justifiable reliance; and (5)

13 resulting damage.  Beckwith v. Dahl, 205 Cal. App. 4th

14 1039, 1060 (2012).

15

16     In asserting that the deed of trust must designate a

17 separate beneficiary and trustee (see Am. Opp'n at 9),

18 Plaintiff misapprehends the difference between a deed of

19 trust and an express trust.  Plaintiff argues that a

20 trust must include three separate parties as beneficiary,

21 trustor, and trustee.  (See id. (citing Black's Law

22 Dictionary (4th ed.)).)

23

24     A deed of trust is not actually a trust, however.

25 "The similarities between a trustee of an express trust

26 and a trustee under a deed of trust end with the name."

27 Monterey S. P. P'ship v. W. L. Bangham, Inc., 49 Cal. 3d

28

454, 462 (1989) (en banc).  "The 'trustee' of a deed of
trust is not a trustee at all in a technical or strict
sense . . . .  He does not assume the obligations which
are imposed on a trustee by operation of law, and the
statutes applicable to trustees of express trusts do not
apply to deeds of trust.  The trustee of a deed of trust
does not possess the personal confidence for the benefit
of another required for a true trust relationship."  Hatch
v. Collins, 225 Cal. App. 3d 1104, 1111–12 (1990)
(internal quotation mark omitted) (omission in
original)); see also Monterey, 49 Cal. 3d at 462–64;
Heritage Oaks Partners v. First Am. Title Ins. Co., 155
Cal. App. 4th 339, 345 (2007).  As the requirements of an
express trust do not apply to a deed of trust, Plaintiff
has failed to establish that the Deed of Trust on her
residence is invalid.

     Even if the Plaintiff's theory were correct and the
deed of trust were invalid, her claims would fail because
she cannot establish justifiable reliance.  Any
invalidity in the deed of trust as a result of the lender
being both the beneficiary and trustee was apparent on
the face of the document.  Plaintiff, thus, could not
have reasonably relied on the Moving Defendants'
representations that the deed of trust was valid.  See
Guido v. Koopman, 1 Cal. App. 4th 837, 843 (1991)
("[W]hether a party's reliance was justified may be

1  decided as a matter of law if reasonable minds can come
2  to only one conclusion based on the facts.").
3
4      For these reasons, Plaintiff has failed to state a
5  viable claim for fraud.
6
7      **3.  Damage to Credit Score**
8      Plaintiff's fifth claim alleges the Moving Defendants
9  falsely reported to credit agencies that Plaintiff had
10  not made mortgage payments for many months, thereby
11  damaging her credit scores.  (FAC ¶¶ 63.)  Plaintiff's
12  allegations are conclusory and fail to provide notice of
13  the legal theory under which the Moving Defendants should
14  be found liable.  Plaintiff has failed to specify the
15  months for which the Moving Defendants allegedly made
16  false reports, or to allege that she actually made these
17  payments.  A complaint must "contain sufficient
18  allegations of underlying facts to give fair notice and
19  to enable the opposing party to defend itself
20  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th
21  Cir. 2011).  Plaintiff's fifth claim is dismissed for
22  failure to meet the pleading standards.
23
24      **4.  Debt Collection Telephone Calls**
25      Plaintiff's sixth and final claim alleges the Moving
26  Defendants wrongfully made telephone calls to collect
27  debt payments after Plaintiff's husband directed them to
28

1  submit all collections claims in writing.  (FAC

2  ¶¶ 71-72.)  The Court construes this claim as one arising

3  under the Fair Debt Collection Practices Act ("FDCPA"),

4  which the FAC erroneously mentioned in the allegations

5  setting forth Plaintiff's fifth claim for relief.

6

7      "To be liable for violation of the FDCPA, a defendant

8  must — as a threshold requirement — fall within the Act's

9  definition of 'debt collector.'"  <u>Izenberg v. ETS Servs.,</u>

10 <u>LLC</u>, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008).  A debt

11 collector is defined as "any person who uses any

12 instrumentality of interstate commerce or the mails in

13 any business the principal purpose of which is the

14 collection of any debts, or who regularly collects or

15 attempts to collect, directly or indirectly, debts owed

16 or due or asserted to be owed or due another."  15 U.S.C.

17 § 1692a(6).  The FDCPA provides an exemption for "any

18 officer or employee of a creditor while, in the name of

19 the creditor, collecting debts for such creditor."  <u>Id.</u>

20 § 1692a(6)(A).  The FDCPA also exempts "any person

21 collecting or attempting to collect any debt owed or due

22 or asserted to be owed or due another to the extent such

23 activity . . . (iii) concerns a debt which was not in

24 default at the time it was obtained by such person."  <u>Id.</u>

25 § 1692a(6)(F).

26

27

28

1    Plaintiff has failed to allege that the Moving
2  Defendants are engaged in business with the "principal
3  purpose" of collecting debts, or that the Moving
4  Defendants are persons who "regularly" collect debts on
5  behalf of others.  <u>See</u> <u>Izenberg</u>, 589 F. Supp. 2d at 1199;
6  15 U.S.C. § 1692a(6).  The Complaint is devoid of any
7  allegations tending to establish that the Moving
8  Defendants are debt collectors, including allegations
9  regarding the frequency with which the Moving Defendants
10 collect debts, whether the debt was in default when the
11 Moving Defendants acquired it, and when the Moving
12 Defendants took false, deceptive, or misleading means to
13 collect Plaintiff's debt.  As a result, Plaintiff has
14 failed to plead facts establishing that the Moving
15 Defendants are "debt collectors" within the meaning of
16 the FDCPA, and her claim must be dismissed.  <u>Cf.</u>
17 <u>Izenberg</u>, 589 F. Supp. 2d at 1199 ("Plaintiffs allege
18 that [defendant] has 'violated provisions of . . . the
19 [FDCPA].'  They do not allege that [defendant] is a debt
20 collector, however, nor identify the provisions of the
21 act that have purportedly been violated.  Because
22 plaintiffs do not assert that [the defendant] is a debt
23 collector, they fail to state a claim under the FDCPA.").
24
25 **B.  Leave to Amend**
26    Federal Rule of Civil Procedure 15(a) provides that
27 leave to amend "shall be freely given when justice so
28

1  requires."  Fed. R. Civ. P. 15(a).  A district court can
2  deny leave "where the amendment would be futile . . . or
3  where the amended complaint would be subject to
4  dismissal."  Saul v. United States, 928 F.2d 829, 843
5  (9th Cir. 1991) (citations omitted); see also Steckman v.
6  Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).
7  "[A] proposed amendment is futile only if no set of facts
8  can be proved under the amendment to the pleadings that
9  would constitute a valid and sufficient claim or
10 defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209,
11 214 (9th Cir. 1988).

12

13      Plaintiff's claims stem from her flawed legal theory
14 that the Deed of Trust was invalid because it designated
15 the lender as both beneficiary and trustee.  The Court
16 has already allowed Plaintiff a chance to amend her
17 claims, and she has failed to allege a valid basis for
18 relief.  In addition to the reasons set forth above, the
19 Moving Defendants' arguments and the facts as pleaded in
20 the FAC reveal alternative bases for dismissal that the
21 Court did not need to reach in resolving this Motion.
22 Based on all of the reasons Plaintiff's FAC is subject to
23 dismissal, the Court concludes that amendment would be
24 futile.  See Miller, 845 F.2d at 214.  Accordingly, the
25 Court dismisses Plaintiff's claims against the Moving
26 Defendants without leave to amend.

27

28

**C.    Unserved Parties**

The final Defendant in this case, Equity Options Inc., has not been served.  Under Rule 4(m) to the Federal Rules of Civil Procedure, a plaintiff must serve summons and complaint on all named defendants within 120 days of filing.  Failure to do so can result in dismissal of the action against the unserved defendant for failure to prosecute.  <u>See</u> Fed. R. Civ. P. 4(m).  The present action was filed on February 3, 2012.  Accordingly, Plaintiff had until June 2, 2012 to file with the Court proof of service on the remaining named defendants in this action, and failed to do so.  Accordingly, Plaintiff's claims against Equity Options Inc. are dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss WITHOUT LEAVE TO AMEND.

Dated: <u>January 31, 2013</u>    _____

                    VIRGINIA A. PHILLIPS
                  United States District Judge