# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 12-00165 VAP (OPx)                 Date:  August 16, 2013

Title:      APRIL MOTTAHEDEH -v- BANK OF AMERICA HOME LOANS
            SERVICING LP, BANK OF AMERICA, N.A., RECONTRUST COMPANY,
            BANK OF NEW YORK, ESTHER GRAY, SHERYL DELA CRUZ,
            EQUITY OPTIONS INC. AND DOES 1 THROUGH 20
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

            Marva Dillard                            None Present
            Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

            None                                     None

PROCEEDINGS:        MINUTE ORDER (1) DENYING PLAINTIFF'S MOTION FOR
                    LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC.
                    NO. 60) AND (2) VACATING AUGUST 26, 2013 HEARING
                    (IN CHAMBERS)

    Before the Court is pro se Plaintiff April Mottahedeh's ("Plaintff") Motion for
Leave to File Plaintiff's Second Amended Complaint (Doc. No. 60).  The Court finds
the matter appropriate for resolution without a hearing, and accordingly VACATES
the August 26, 2013 hearing date.  See Fed. R. Civ. P. 78; L.R. 7-15.  For the
reasons set forth below, the Court DENIES Plaintiff's Motion for Leave to File
Plaintiff's Second Amended Complaint.

    On February 3, 2012, Plaintiff April Mottahedeh brought this action against

MINUTES FORM 11                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

EDCV 12-00165 VAP (OPx)
APRIL MOTTAHEDEH v. BANK OF AMERICA HOME LOANS SERVICING LP, BANK OF AMERICA, N.A., RECONTRUST COMPANY, BANK OF
NEW YORK, ESTHER GRAY, SHERYL DELA CRUZ, EQUITY OPTIONS INC. AND DOES 1 THROUGH 20
MINUTE ORDER of August 16, 2013

Defendants asserting six claims relating to the nonjudicial foreclosure and trustee's sale of her residence.  (Doc. No. 1.)  Plaintiff filed her First Amended Complaint on May 4, 2012.  (Doc. No. 16.)

On July 9, 2012, Defendants Bank of America, N.A., Recontrust Company, N.A., Bank of New York Mellon, Esther Gray, Sheryl Dela Cruz, and Mortgage Electronic Registration Systems (collectively, "BA Defendants") filed a Motion to Dismiss Plaintiff's First Amended Complaint.  (Doc. No. 26.)  On January 31, 2013, the Court issued an order granting the BA Defendants' motion to dismiss, dismissing the claims against the BA Defendants without leave to amend.[1]  (Doc. No. 51.)  The Court dismissed Plaintiff's claims against Defendant Equity Options Inc. ("Equity") without prejudice, as it had not been served.  (Judgment (Doc. No. 52).)

On February 26, 2013, Plaintiff filed a motion to alter or amend the judgment. (Doc. No. 53.)  The Court denied that motion as to all Defendants on May 22, 2013. (Order Denying Plaintiff's Motion to Alter or Amend the Judgment ("Alter or Amend Order" (Doc. No. 59)).)

Plaintiff filed the instant Motion on June 20, 2013, attaching a copy of her proposed Second Amended Complaint ("SAC" or "Proposed SAC") (Doc. No. 60). The BA Defendants filed their Opposition to the Motion on August 5, 2013 (Doc. No. 61).  Equity was not served with the Motion.

The proposed SAC also names two new defendants, Jose Sandoval and Norma Sandoval ("the Sandovals").  (See Proposed SAC.)  According to Plaintiff, the Sandovals were served with the Motion, along with a copy of the proposed SAC. (See Mot. Proof of Service.)  Plaintiff claims that the Sandovals are plaintiffs in a related action filed against her for unlawful detainer.  (Proposed SAC at ¶ 4.) Plaintiff removed the unlawful detainer action filed by the Sandovals to federal court, in case number 5:13-cv-00968.  (See Mot. Proof of Service.)  In that case, however, Plaintiff's Request to Proceed In Forma Pauperis was denied, and the case was

---

[1] The Court has also twice issued orders dismissing the Complaint upon Plaintiff's failure to oppose Defendants' motions to dismiss.  (See Doc. Nos. 7, 16.)

EDCV 12-00165 VAP (OPx)
APRIL MOTTAHEDEH v. BANK OF AMERICA HOME LOANS SERVICING LP, BANK OF AMERICA, N.A., RECONTRUST COMPANY, BANK OF
NEW YORK, ESTHER GRAY, SHERYL DELA CRUZ, EQUITY OPTIONS INC. AND DOES 1 THROUGH 20
MINUTE ORDER of August 16, 2013

summarily remanded back to the California Superior Court.  (See Case No.
5:13-cv-00968, Doc. Nos. 2-4.)  When Plaintiff attempted to file the SAC in the
related case, the Court rejected the filing, as the case was closed.  (See Case No.
5:13-cv-00968, Doc. No. 6.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that the Court "should freely
give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although
liberally granted, leave to amend is not automatic.  Jackson v. Bank of Hawaii, 902
F.2d 1385, 1387 (9th Cir. 1990).  The Ninth Circuit strongly favors allowing
amendment, and considers a motion for leave to amend under five factors:  bad
faith, undue delay, prejudice to the opposing party, futility of amendment, and
whether plaintiff has already amended her complaint.  In re W. States Wholesale
Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Allen v. City
of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990)).  The most important of these
factors is prejudice to the opposing party.  Eminence Capital, LLC v. Aspeon, Inc.,
316 F.3d 1048, 1052 (9th Cir. 2003).  The burden is on the party opposing
amendment to show prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187
(9th Cir. 1987).  Absent a showing of prejudice or a strong showing of the remaining
factors, a presumption exists in favor of granting leave to amend.  Eminence Capital,
LLC, 316 F.3d at 1052.

## III. DISCUSSION
## A.    The BA Defendants Were Previously Dismissed With Prejudice

Preliminarily, the Court notes that although the BA Defendants have been
named as defendants in Plaintiff's proposed SAC, the BA Defendants were
previously dismissed from this action with prejudice.  (Judgment (Doc. No. 52).)
"[O]nce judgment has been entered in a case, a motion to amend the complaint can
only be entertained if the judgment is first reopened under a motion brought under
Rule 59 or 60."  Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).  The Court
also denied Plaintiff's motion to amend or alter judgment against the BA Defendants.
(See Alter or Amend Order.)  Accordingly, the Court will deny the Motion as to the
BA Defendants.

EDCV 12-00165 VAP (OPx)
APRIL MOTTAHEDEH v. BANK OF AMERICA HOME LOANS SERVICING LP, BANK OF AMERICA, N.A., RECONTRUST COMPANY, BANK OF
NEW YORK, ESTHER GRAY, SHERYL DELA CRUZ, EQUITY OPTIONS INC. AND DOES 1 THROUGH 20
MINUTE ORDER of August 16, 2013

**B.     Plaintiff Failed to Serve Equity With the Motion**

As discussed in the Court's order granting the BA Defendants' motion to dismiss (see Order Granting Defendants' Motion to Dismiss ("Dismissal Order" (Doc. No. 51) at 17)), Plaintiff has failed to serve Equity at any time in this litigation.  The Court dismissed the Plaintiff's claims against Equity without prejudice for this reason. (Dismissal Order at 17.)  Moreover, in the order denying Plaintiff's motion to alter or amend the judgment, the Court informed Plaintiff that her claims against Equity had been dismissed without prejudice; if Plaintiff so desired, she could continue to pursue her claims against Equity by serving it with summons and complaint in a new action.  (Alter or Amend Order at 6.)

Since the date of that order, May 22, 2013, Plaintiff has not served Equity, nor has she indicated that she has attempted to do so.  Moreover, Plaintiff did not serve Equity with the instant Motion.  (See Mot. Proof of Service.)  Given Plaintiff's failure to serve Equity, the Court will deny the Motion as to Equity.  See F. R. Civ. P. 5(a)(1)(D) (written motions, except ex parte motions, "must be served on every party.")

In the proposed SAC, Plaintiff notes that Equity's "status as an entity with the California Secretary of Estate (sic) was suspended as of 10/28/11."  (Proposed SAC at ¶ 1.)  To the extent Plaintiff believes that Equity's suspended status with the California Secretary of State obviates the need for her to effectuate service on it, she is mistaken.

While it is true that "[d]uring the period that a corporation is suspended for failure to pay taxes, it may not prosecute or defend an action," suspended corporations "may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306 (1999) (citations omitted). Thus, Equity is still entitled to be notified of a pending action, even if it may currently be unable to defend against it.  See Tavazo Corp. v. Tavazo Corp., 2013 WL 1283800, at *4 (C.D. Cal. Mar. 25, 2013).  Accordingly, the Court will deny the Motion, for failure to serve Equity.

EDCV 12-00165 VAP (OPx)
APRIL MOTTAHEDEH v. BANK OF AMERICA HOME LOANS SERVICING LP, BANK OF AMERICA, N.A., RECONTRUST COMPANY, BANK OF
NEW YORK, ESTHER GRAY, SHERYL DELA CRUZ, EQUITY OPTIONS INC. AND DOES 1 THROUGH 20
MINUTE ORDER of August 16, 2013

**C.     The Sandovals Cannot Be Added as Defendants to This Action**

Finally, to the extent Plaintiff moves to add the Sandovals as defendants to this action, the Court denies the motion in that respect as well.  The case is closed, and such a request is therefore moot.


## IV. CONCLUSION

For foregoing reasons, the Court DENIES the Motion.


**IT IS SO ORDERED.**